STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-02-86

STATE OF MAINE

v.

RICHARD WINCHESTER,

Defendant

DECISION AND ORDER
ON MOTION TO SUPPRESS

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2002

This matter is before the court on defendant's motion to suppress evidence. Defendant is charged with a Class A Gross Sexual Assault involving a child under the age of 14. When interviewed by a detective of the Oakland Police Department, he denied the allegations and asked for a polygraph examination. Sometime later, on February 7, 2002, the defendant was brought by the detective to Augusta for said examination.

The entire proceedings in the polygraph room were recorded by videotape, at least a view of the polygraph examination chair in which the defendant was seated. A very lengthy interview took place prior to the polygraph during which time the examiner stressed the effect on the alleged victim should the defendant not admit that her story was correct, i.e., not making his daughter a liar. There also was extensive discussion about counseling and other treatment for men with a "problem." During this period of time, the defendant continually denied the event.

Upon the completion of the polygraph examination, the defendant was advised there was some evidence of deception and a further lengthy interview took place with the polygraph examiner. During this period, alluding to the effort not to make his daughter a liar, he allowed that if it did take place as she said it did, he could not remember such an occasion. Some considerable time later it was decided to take a

break and the polygraph examiner and the defendant left the polygraph examination room and went outside the building where the defendant had a couple of cigarettes and the polygraph examiner a "chaw" of tobacco. This discussion between the two outside the building was not recorded but they agree that they discussed the matter at hand. The examiner testified that he only discussed with the defendant the extremely upsetting effect upon the daughter if the defendant continues to be unable to remember the event and the girl is forced to testify. The defendant admits that conversation took place but further alleges that the polygraph examiner made promises, including a promise that if the defendant confessed, he would not go to prison but would be given probation. This assertion is denied by the Maine State Police polygraph examiner.

At the motion hearing the polygraph examiner and the defendant both testified. In addition, the court examined the very extensive videotape of the event. It is clear that the attitude of the defendant changed considerably after returning to the examination room from the outside break. Whereas he had earlier suggested that he might have asked his daughter to participate in an unlawful act, he insisted that she had said no and he went no further. Upon increased urgings by the polygraph examiner, after the break, the defendant admitted that on a single occasion, as described, he had committed the act which is the subject of the pending indictment.

Considering the testimony of the defendant as to the conversation occurring out of sight of the video camera as to promises made, the court is satisfied from an examination of all of the words and demeanor of the defendant in the examination room that his recollection of the statements by the polygraph examiner are faulty and that no promises were made. Basically this case rests on the voluntariness of

2

defendant's statement in light of lengthy and repeated assertions by the polygraph examiner that failure to admit the wrongdoing would result in overwhelming and aggravated distress and grief to the young girl which defendant could prevent by his confession. After many hours of such discussion, he admitted the event.

The question is the voluntariness of the confession. Viewing the circumstances in their totality, including the pre-examination interview, the post-examination interview, the post-break interview, and the testimony as to the discussion on the break, the court is satisfied that the defendant was well aware of the circumstances in spite of an appearance of limited intelligence and confessed because he felt it was in the best interest of his daughter. He did so knowing full well that the result would be his incarceration but with a strong appreciation for the incessant suggestions by the examiner that he could find help.

It should also be noted that after all of these events, a final interview took place with the defendant by a local police detective at which time he gave greater details than previously expressed. While he appeared extremely depressed during this interview, the court finds nothing from his words or demeanor to suggest he was doing so involuntarily. At that point, he was simply worn down and resigned to his fate.

The entry will be:

Defendant's motion to suppress is DENIED.

Dated: October _3_, 2002

Donald H. Marden
Justice, Superior Court

3

STATE·OF MAINE
  vs
RICHARD WINCHESTER
6 WEST PLESANT ST APT 6
OAKLAND ME 04963

DOB: 07/10/1967
Attorney: THOMAS GOODWIN
        STRIKE GOODWIN & O'BRIEN
        400 ALLEN AVENUE
        PORTLAND ME 04103
        APPOINTED 06/13/2002

Filing Document: INDICTMENT
Filing Date: 03/15/2002

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2002-00086

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   **GROSS SEXUAL ASSAULT**               **10/15/2001 OAKLAND**
   17-A   253(1)(B)      **Class A**

2   **VIOLATING PROTECTIVE ORDER**    **10/15/2001 OAKLAND**
   19-A   4011(1)(A)     **Class D**

3   **VIOLATING PROTECTIVE ORDER**    **10/15/2001 OAKLAND**
   19-A   4011(1)(A)     **Class D**

4   **VIOLATING PROTECTIVE ORDER**    **10/15/2001 OAKLAND**
   19-A   4011(1)(A)     **Class D**

## Docket Events:

03/18/2002 FILING DOCUMENT - INDICTMENT FILED ON 03/15/2002

03/18/2002 TRANSFER - BAIL AND PLEADING GRANTED ON 03/15/2002

       TRANSFER - BAIL AND PLEADING REQUESTED ON 03/15/2002

03/18/2002 Charge(s): 1,2,3,4
       HEARING - ARRAIGNMENT SCHEDULED FOR 03/22/2002 @ 8:30

03/18/2002 Charge(s): 1,2,3,4
       SUMMONS - SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 03/18/2002

03/25/2002 Charge(s): 1,2,3,4
       TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 03/25/2002

       RECEIVED FROM DISTRICT COURT DIV. OF NO. KEN.
03/25/2002 Charge(s): 1,2,3,4
       HEARING - ARRAIGNMENT HELD ON 03/22/2002
       DONALD H MARDEN , JUSTICE

Attorney: JEFFREY TOWNE
DA: ALAN KELLEY          Reporter: TIMOTHY THOMPSON
Defendant Present in Court


READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS. BAIL SET AT $35,000 SURETY OR $5,000 CASH.
03/25/2002 Charge(s): 1,2,3,4
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 03/22/2002
DONALD H MARDEN , JUSTICE
Attorney: JEFFREY TOWNE
DA: ALAN KELLEY          Reporter: TIMOTHY THOMPSON
Defendant Present in Court
03/25/2002 BAIL BOND - COMMITMENT ORDER W/ CONDITIONS ISSUED ON 03/22/2002
DONALD H MARDEN , JUSTICE
Attorney: JEFFREY TOWNE
DA: ALAN KELLEY          Reporter: TIMOTHY THOMPSON
Defendant Present in Court


NO CONTACT WITH VICTIM AND MOTHER OF VICTIM.
03/25/2002 BAIL BOND - SURETY BAIL BOND SET BY COURT ON 03/22/2002
DONALD H MARDEN , JUSTICE
OR $5,000 CASH.
04/05/2002 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 04/03/2002


04/05/2002 HEARING - BAIL HEARING SCHEDULED FOR 04/11/2002 @ 8:15


NOTICE TO PARTIES/COUNSEL
04/08/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 04/08/2002


04/08/2002 MOTION - MOTION TO COMPEL FILED BY DEFENDANT ON 04/08/2002


05/06/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 05/06/2002


Attorney: JEFFREY TOWNE
DEFENSE COUNSEL STATES THAT THE DEFENDANT IS NOT SATISFIED WITH HIS REPRESENTATION.
05/07/2002 HEARING - BAIL HEARING HELD ON 04/11/2002
JOHN R ATWOOD , JUSTICE
Attorney: JEFFREY TOWNE
DA: ALAN KELLEY          Reporter: TAMMY DROUIN
Defendant Present in Court


BAIL SET AT $25,000 SURETY OR $2,500 CASH. TO LIVE WITH GERTRUDE & AVERY WINCHESTER AND TO
REMAIN THERE UNLESS FOR MEDICAL TREATMENT. NOT TO HAVE CONTACT WITH WIFE AND CHILDREN.
05/07/2002 BAIL BOND - COMMITMENT ORDER W/ CONDITIONS ISSUED ON 04/11/2002
JOHN R ATWOOD , JUSTICE
Attorney: JEFFREY TOWNE
DA: ALAN KELLEY          Reporter: TAMMY DROUIN
Defendant Present in Court


$25,000 SURETY OR $2,500 CASH. RESIDE WITH GERTRUDE & AVERY WINCHESTER AND TO REMAIN THERE
UNLESS FOR MEDICAL TREATMENT. NOT TO HAVE CONTACT WITH WIFE AND CHILDREN (CHARITY
WINCHESTER, TIMARA REYNOLDS, AND/OR DYLAN REYNOLDS).

J
5/21/2002 OTHER FILING - TRANSCRIPT FILED ON 05/21/2002

TRANSCRIPT OF BAIL PROCEEDINGS BEFORE JUSTICE ATWOOD ON APRIL 11, 2002
6/05/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 06/05/2002

COPY TO PARTIES/COUNSEL
6/14/2002 OTHER FILING - OTHER DOCUMENT FILED ON 06/14/2002

Attorney: THOMAS GOODWIN
REQUEST FOR DISCOVERY.
9/09/2002 Charge(s): 1,2,3,4
MOTION - MOTION TO PRODUCE DHS RECORD FILED BY DEFENDANT ON 04/08/2002

9/09/2002 Charge(s): 1,2,3,4
MOTION - MOTION TO PRODUCE DHS RECORD GRANTED ON 09/09/2002

COPY TO PARTIES/COUNSEL
9/20/2002 OTHER FILING - MEMORANDUM OF LAW FILED ON 09/17/2002

DA: ALAN KELLEY
9/24/2002 OTHER FILING - DHS RECORD FILED ON 09/23/2002

COUNSEL NOTIFIED
10/04/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 09/09/2002

NOTICE TO PARTIES/COUNSEL
10/04/2002 HEARING - MOTION TO SUPPRESS HELD ON 09/09/2002
DONALD H MARDEN , JUSTICE
Attorney: THOMAS GOODWIN
DA: PAUL RUCHA          Reporter: KIMBERLY MCCULLOCH
Defendant Present in Court

STATE'S WITNESS WAS WARREN W. FERLAND, AND DEFENSE WITNESS WAS RICHARD WINCHESTER.
10/04/2002 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 10/03/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
10/04/2002 ORDER - COURT ORDER FILED ON 10/03/2002
DONALD H MARDEN , JUSTICE
DECISION AND ORDER ON MOTION TO SUPPRESS

## Exhibits
09/09/2002 STATE#1, Exhibit#   1, VIDEOTAPE OF POLYGRAPH TEST., Adm w/o obj on 09/09/2002.

A TRUE COPY
ATTEST: _____
                    Clerk